UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JASON FARELLA,<br><br>Plaintiff,<br><br>v.<br><br>RUTGERS UNIVERSITY POLICE DEPARTMENT, et al.,<br><br>Defendants. | Hon. Joel A. Pisano<br>Civil Action No. 09-4910 (JAP)<br><br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court are Plaintiff Michael Jason Farella's ("Farella") Motion seeking leave to file an Amended Complaint [Docket Entry No. 10] and Defendants Rutgers University Police Department ("RUPD"), Captain Kenneth Cop ("Cop") and Rhonda Harris' ("Harris") (collectively, "Defendants") Cross-Motion to Dismiss Counts One and Two of Farella's original Complaint [Docket Entry No. 18]. As the outcome of Farella's Motion to Amend could have a direct result on the outcome of Defendants' Motion to Dismiss, the Court will first address the Motion to Amend. Farella is seeking leave to file an Amended Complaint in order to (1) streamline the factual contentions contained in the original Complaint; (2) add allegations regarding an internal affair's investigation, which resulted in disciplinary action subsequent to the Internal Affairs investigation at issue in the original Complaint; (3) add Cop as a defendant in this matter; (4) add a retaliation claim against Harris and Cop; and (5) add a *Monell* claim against RUPD. Defendants have filed an opposition to Farella's Motion to Amend on futility grounds. The Court has fully reviewed the papers submitted in support of and in opposition to Farella's Motion to Amend, and considers the motion without oral argument

pursuant to FED.R.CIV.P. 78.  For the reasons stated more fully below, the Court recommends that Farella's Motion to Amend be GRANTED in part and DENIED in part, and Defendants' Motion to Dismiss be GRANTED.

I.      Background

This matter arises out of Farella's participation in an incident that occurred on April 2, 2009, in which Farella responded to a call from Officer Emmet ("Emmet") regarding Emmet's attempt to stop a vehicle that was speeding and ultimately crashed.  As a result of his involvement in the April 2, 2009 incident, on April 13, 2009, Farella received a document entitled "Internal Affairs Complaint Notification," which informed him that he was being investigated by Internal Affairs based on a complaint levied against him.  Farella's original Complaint asserts claims against the RUPD and Harris based on their handling of the complaint against Farella, including the resulting Internal Affairs investigation and disciplinary action imposed against him.  Specifically, Farella's Complaint alleges that in handling the complaint against Farella, the RUPD and Harris violated N.J.S.A. 40A:14-147 as well as the Internal Affairs Policy & Procedures ("IAPP") promulgated by the Attorney General of the State of New Jersey, Harris violated Farella's due process rights by depriving him of his property interest in uninterrupted employment with the RUPD and that Harris violated the New Jersey Constitution by interfering with Farella's constitutional right to grieve actions through his personal representatives in public employment.

After filing the Complaint in this matter, three additional Internal Affairs complaints were filed against Farella.  Farella believes that the same legal and constitutional violations alleged with respect to the first Internal Affairs investigation also occurred in relation to the three new

charges. Consequently, Farella seeks permission to add allegations regarding the three new Internal Affairs complaints. Farella also seeks permission to add Cop, who was involved in the three new investigations, as a defendant. In addition, Farella seeks to amend his Complaint in order to add a retaliation claim against both Harris and Cop for (1) pursuing the three additional Internal Affairs charges and grouping them together so that the potential punishment would be more severe; (2) repeatedly switching his work schedule so that he was required to work continual weekends for three months; (3) denying him necessary training; (4) subjecting him to an uncalled for urine test during one of his days off and at a time when several other officers were able to observe said testing; and (5) subjecting him to additional discipline without providing him with minimal due process. Further, Farella seeks to add a *Monell* claim against the RUPD based on the fact that the RUPD adopted an Internal Affairs policy that is inconsistent with the IAPP. Finally, Farella would like permission to streamline various factual contentions contained in the original Complaint.

**II.     Analysis**

    **A.     Standard of Review**

According to FED.R.CIV.P. 15(a), leave to amend the pleadings is generally given freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id*. However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be

liberally granted.  *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).  In the context of Farella's motion to amend, the only issue raised by Defendants is whether certain of Farella's proposed amendments are futile.  As such, that is the only issue addressed by the Court herein.

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard (*see Alvin*, 227 F.3d at 121) and considers only the pleading, exhibits attached to the pleading, matters of public record and undisputedly authentic documents if the party's claims are based upon same.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  When considering whether a pleading would survive a Rule 12(b)(6) motion, the Court must  accept all facts alleged in the pleading as true and draw all reasonable inferences in favor of the party asserting them.  *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004).  "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  In other words, the facts alleged must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

While a pleading does not need to contain "detailed factual allegations," a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. In addition, although the Court must, in assessing a motion to dismiss, view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Here, Defendants oppose Farella's motion to amend to the extent it seeks to add claims against Defendants that are based on Defendants' alleged violations of either N.J.S.A. 40A:14-147 or the IAPP. Defendants claim that any such amendment would be futile because (1) N.J.S.A. 40A:14-147 applies only to municipal and county police departments and has no application to disciplinary processes employed by police departments of institutions of higher education like the RUPD; (2) neither the Complaint nor Farella's motion to amend sets forth/seeks to add a separate cause of action based on Defendants' alleged violations of the IAPP; and (3) the RUPD is not automatically bound to implement any of the provisions of the IAPP. These contested amendments are found in the following counts of the proposed Amended Complaint: (1) First Count, in which Farella seeks to assert that Defendants directly violated N.J.S.A. 40A:14-147 and the IAPP; (2) Second Count, in which Farella seeks to allege that both Harris and Cop violated his due process rights by failing to abide by the procedures outlined in N.J.S.A. 40A:14-147 and the IAPP before disciplining him in connection with the three new Internal Affairs charges; and (3) Fourth Count, in which Farella seeks to add a *Monell* claim against the RUPD based on the fact that the Internal Affair's policy adopted by the RUPD is

inconsistent with the IAPP. The Court addresses the claimed futility of the contested amendments below.[1]

### B. N.J.S.A. 40A:14-147

Title 40A of the New Jersey Statutes is entitled "Municipalities and Counties." Chapter 14, Section 147 of Title 40A sets forth the mechanisms by which a member or officer of a police department may be suspended or removed from duty. N.J.S.A. 40A:14-147 establishes that:

> Except as otherwise provided by law, no permanent member or officer of the police department or force shall be removed from his office, employment or position for political reasons or for any cause other than incapacity, misconduct, or disobedience of rules and regulations established for the government of the police department and force, nor shall such member or officer be suspended, removed, fined or reduced in rank from or in office, employment, or position therein, except for just cause as hereinbefore provided and then only upon a written complaint setting forth the charge or charges against such member or officer. The complaint shall be filed in the office of the body, officer or officers having charge of the department or force wherein the complaint is made and a copy shall be served upon the member or officer so charged, with notice of a designated hearing thereon by the proper authorities, which shall be not less than 10 nor more than 30 days from date of service of the complaint.
>
> A complaint charging a violation of the internal rules and regulations established for the conduct of a law enforcement unit shall be filed no later than the 45th day after the date on which the person filing the complaint obtained sufficient information to file the matter upon which the complaint is based. The 45-day time limit shall not apply if an investigation of a law enforcement officer for a violation of the internal rules or regulations of the law enforcement unit is included directly or indirectly within a concurrent investigation of that officer for a violation of the

---

[1] The Court notes that Defendants neither oppose Farella's motion to amend to the extent it seeks to streamline the factual allegations contained in the original Complaint nor to the extent it seeks to add a retaliation claim against Harris and Cop. The Court shall therefore permit Farella to make said amendments.

>criminal laws of this State. The 45-day limit shall begin on the day after the disposition of the criminal investigation. The 45-day requirement of this paragraph for the filing of a complaint against an officer shall not apply to a filing of a complaint by a private individual.
>
>A failure to comply with said provisions as to the service of the complaint and the time within which a complaint is to be filed shall require a dismissal of the complaint.
>
>The law enforcement officer may waive the right to a hearing and may appeal the charges directly to any available authority specified by law or regulation, or follow any other procedure recognized by a contract, as permitted by law.

Neither Farella nor Defendants cite to a single case in which the provisions of N.J.S.A. 40A:14-147 were applied to a police officer employed by a police department of an institution of higher education, such as the RUPD, or where such an application was even considered. Nor has this Court found such a case. While not dispositive of the issue, the complete absence of judicial precedent applying the terms of N.J.S.A. 40A:14-147 to police officers working for institutions of higher education, when considered in light of the plethora of case law applying those terms to police officers working for specific municipalities and/or counties, suggests that the statutory provision does not apply to the former.

This conclusion is reinforced by the fact that, as noted above, Title 40A is explicitly dedicated to "Municipalities and Counties," and Rutgers University is neither a municipality nor county. Instead, Rutgers University is referred to in the New Jersey Statutes as an "instrumentality of the state[.]" N.J.S.A. 18:65-2. Moreover, while the actual text of N.J.S.A. 40A:14-147 doesn't specifically limit its application to members or officers of a municipal or county police department, the legislative history of the statute indicates that it was meant to apply

to county and municipal law enforcement officers.  Indeed, the Public Safety and Corrections Committee Statement regarding Assembly Bill 2630 states that "Assembly Bill No. 2630 amends N.J.S. 40A:14-147 and supplements chapter 14 of Title 40A of the New Jersey Statutes to require that a complaint against a **county or municipal law enforcement officer** which is based on a violation of the internal rules and regulations of a law enforcement unit. . . ."  (emphasis added).

      Further, to the extent that the Court had any lingering doubts regarding whether the provisions of N.J.S.A. 40A:14-147 apply to police officers employed by institutions of higher education, the fact that there is an entirely separate Title within the New Jersey Statutes devoted to "Education," namely title 18A, and within that Title an entire Chapter devoted to "Provisions relating to Educational Institutions and Systems," namely Chapter 6, and within that Chapter multiple sections pertaining specifically to police officers of institutions of higher education, assuages those doubts.  *See, e.g.,* N.J.S.A. 18A:6-4.2 (addressing the appointment of such police officers), N.J.S.A. 18A:6-4.3 (addressing the process by which an application to become such a police officer is made), N.J.S.A. 18A:6-4.4 (addressing the training such police officers undergo), N.J.S.A. 18A:6-4.5 (addressing the limits of such police officers' powers), N.J.S.A. 18A:6-4.7 (addressing such police officers' authority to issue traffic and parking tickets); N.J.S.A. 18A:6-4.8 (addressing the application of New Jersey's concealed weapons law to such police officers); and N.J.S.A. 18A:6-4.9 (addressing the construction of the act).  Of these various sections, perhaps the most telling is N.J.S.A. 18A:6-4.9, which affirmatively distinguishes State, County and Municipal law enforcement officers from police officers working for institutions of higher education by stating that "[n]othing in this act shall be construed to limit

or impair the rights of any **State, county or municipal law enforcement officer** in the performance of his duties." (Emphasis added).

For these reasons, the Court finds that N.J.S.A. 40A:14-147 does not apply to members or officers of a police department of an institution of higher education. Consequently, to the extent Farella seeks to amend his Complaint to (1) add claims against the RUPD, Harris and Cop for violating N.J.S.A. 40A:14-147 (Proposed Amended Compl., First Count); (2) add claims against Harris and Cop for violating Farella's due process rights by impermissibly interfering with a property interest created by N.J.S.A. 40A:14-147, i.e., Farella's property interest in uninterrupted employment (Proposed Amended Compl., Second Count); and (3) add a *Monell* claim against the RUPD based on an interest created by N.J.S.A. 40A:14-147 (Proposed Amended Compl., Fourth Count), the Court finds that Farella's proposed amendments would be futile. Likewise, because Counts One and Two of Farella's original Complaint against RUPD and Harris allege violations of N.J.S.A. 40A:14-147 (Compl., First Count) as well as violations of due process rights by impermissibly interfering with a property interest created by N.J.S.A. 40A:14-147 (Compl., Second Count), these two counts are not able to survive a FED.R.CIV.P. 12(b)(6) Motion to Dismiss.

Nevertheless, the Court notes that Farella also seeks to add the aforementioned claims based on Defendants' alleged violations of the IAPP. Whether the IAPP supports Farella's proposed amendments is discussed below.

### C. The IAPP

#### 1. Farella's Allegations Concerning Defendants' Violations of the IAPP

As an initial matter, the Court notes that Defendants object to Farella's reliance on the IAPP as support for the amended claims Farella seeks to assert in the First, Second and Fourth

Counts of the proposed Amended Complaint because neither the Complaint nor Farella's motion to amend sets forth/seeks to add a separate cause of action based on Defendants' alleged violations of the IAPP. The Court disagrees with Defendants. While Farella's Complaint does not include a separate count devoted solely to Defendants' alleged violations of the IAPP, it does include sufficient allegations to put Defendants on notice that Farella claims that they violated the IAPP.

    For example, in the First Count of the Complaint, Farella alleges:

> 30. By operation of law, defendants are madated to provide Sgt. Farella with an official notice of the charges facing him, referred to as a Notice of Preliminary Disciplinary Action ("Notice"), and the opportunity for a hearing before issuing punishment to him for any infractions.
>
> 31. Specifically, in accordance with N.J.S.A. 40A:14-147 **and the IAPP**, discipline follows a set procedure in order to assure all constitutional guarantees are protected. These procedures are clearly spelled out. If an investigation results in a determination that formal charges are to be made, charges must be prepared, signed and served upon the accused officer. The officer has the option of pleading guilty, pleading not guilty and requesting a hearing, or waiving the right to a hearing. . . .
>
> 32. No such Notice was ever prepared, issued or served on Sgt. Farella. Moreover, there is no legitimate excuse for the lack of preparation and service of a Notice of Preliminary Disciplinary Action. . . .
>
> 39. As a result of defendants' action in failing to prepare and serve the Notice from the outset, thereby foreclosing the opportunity for a proper hearing and procedure and, now that it is outside the 45-day limit, said Notice is defective, mandating its dismissal.

(Verified Compl. at ¶¶ 30-32; 39 (emphasis added)).[2]  Similarly, in the Second Count of the Complaint, Farella alleges:

> 41.  The Due Process Clause of the United States Constitution, applicable to the States through operation of the Fourteenth Amendment, provides that certain substantive rights--life, liberty, and property--cannot be deprived except pursuant to constitutionally adequate procedures.
>
> 42.  Sgt. Farella clearly has a property interest in uninterrupted employment with the RUPD through the operation of *N.J.S.A.* 40A:14-147 . . . .
>
> 43.  In addition to specifying the grounds for termination, the statute sets out procedures by which termination may take place. **These procedures are also set forth in the IAPP, under which defendants operate.**
>
> 44.  Defendant Harris failed to provide Sgt. Farella with the adequate procedures to protect his Constitutional rights by, among other things, failing to abide by the statutory time within which to bring and serve the charges against him, failure to provide a constitutionally mandated hearing, denying him his right to counsel and denying him his lawful exercise of his rights pursuant to the Agreement.
>
> 45.  Defendant's improper and unconstitutional actions have deprived Sgt. Farella of the means of livelihood, have subjected him to discussions regarding the charges and left him without a means in which to defend himself.  Further, according to Defendant Harris' own words, if these charges remain in his personnel file, Sgt. Farella could face even more severe punishment for future violations.

(Verified Compl. at ¶¶ 41-45 (emphasis added)).[3]  Likewise, in the Fourth Count of the proposed Amended Complaint, Farella alleges:

---

[2]The First Count of the proposed Amended Complaint includes nearly identical allegations.  (*See* Proposed Amended Compl. at ¶¶ 43-45; 54).

[3]The Second Count of the proposed Amended Complaint includes nearly identical allegations.  (*See* Proposed Amended Compl. at ¶¶ 57-61).

> 72. RUPD has adopted policy [sic] dated March 17, 2004, Number NB-42; **this fails to comply with the mandate from the Attorney General of New Jersey to adopt policies and procedures consistent with the IAPP.**
>
> 73. **As a result of the failure of the RUPD to adopt policies and procedures, consistent with the IAPP**, officers – and specifically Sgt. Farella – have had their rights violated on a continuing basis.
>
> 74. Among the rights being violated are the rights to have written charges presented against them, the opportunity for a hearing, the right to confront witnesses and evidence and the right to defend themselves. **These safeguards are contained in the IAPP and were specifically omitted from defendant RUPD's policy.**
>
> 75. Thus, defendant RUPD adopted an unconstitutional and unlawful policy which permitted and encouraged the deprivations at issue to occur.

(Proposed Amended Compl. at ¶¶ 72-75 (emphasis added)).

While the aforementioned allegations may not be overwhelming, they are sufficient to put Defendants on notice that Farella is asserting claims based on Defendants' alleged violations of the IAPP, which is all that FED.R.CIV.P. 8 requires. This is true despite the fact that the First Count of both the Complaint and proposed Amended Complaint includes the following parenthetical notation under the words "First Count": (Violation of N.J.S.A. 40A:14-147). Substance should trump form and the Court finds that, the parenthetical notation notwithstanding, the substance of Farella's allegations sets forth claims based on Defendants' alleged violations of the IAPP. As such, the Court turns next to the question of whether Farella's proposed amendments, as they relate to the First, Second and Fourth Counts of the proposed Amended Complaint, should be denied as futile because the RUPD was not obligated to adopt the IAPP in its entirety.

### 2. Applicability of the IAPP to Defendants

Pursuant to N.J.S.A. 40A:14-181:

> Every law enforcement agency shall adopt and implement guidelines which shall be consistent with the guidelines governing the "Internal Affairs Policy and Procedures" of the Police Management Manual promulgated by the Police Bureau of the Division of Criminal Justice in the Department of Law and Public Safety, and shall be consistent with any tenure or civil service laws, and shall not supersede any existing contractual agreements.

Like N.J.S.A. 40A:14-147, N.J.S.A. 40A:14-181 also falls within the Title 40 A of the New Jersey Statutes, which is dedicated to "Municipalities and Counties." However, unlike the former statute, this statute explicitly refers to "**every** law enforcement agency[,]" indicating that unlike N.J.S.A. 40A:14-147, N.J.S.A. 40A:14-181 was intended to apply across the board to all law enforcement agencies not just municipal and county law enforcement agencies. N.J.S.A. 40A:14-181 (emphasis added). As a result, the Court finds that absent some other exception, the RUPD had/has an obligation to adopt guidelines consistent with those outlined in the IAPP.

Defendants argue that the IAPP itself clearly indicates that law enforcement agencies like the RUPD are not required to adopt the IAPP in its entirety. In support of this argument, Defendants rely on the following provision of the IAPP:

> This revised policy, the procedures set forth in the policy and the legal citations contained in the text are primarily intended for implementation by county and municipal law enforcement agencies, including municipal and county police forces, county sheriff's offices and county prosecutors' offices. Other law enforcement agencies are advised to consult their legal advisor before implementing specific provisions of the policy.

IAPP at 11-6. While this provision provides some support for Defendants' argument, it is not as conclusive as they suggest. Indeed, the use of the word "primarily" in the first sentence indicates that the Attorney General intended law enforcement agencies other than county and municipal

law enforcement agencies to implement the procedures and policies set forth in the IAPP. Had the Attorney General intended otherwise, then there would have been no reason to include the word "primarily." Further, nothing in the IAPP specifically exempts law enforcement agencies of institutions of higher education like the RUPD from having to comply with the specific provisions of the IAPP at issue in this litigation. As a result, without support beyond that found in the above-quoted text, the Court at this juncture is unable to rule that the RUPD had no obligation to adopt the specific provisions of the IAPP at issue in this litigation. Consequently, the Court cannot determine that Farella's amended claims based on Defendants' alleged violations of the IAPP, which are contained in the First, Second and Fourth Counts of the proposed Amended Complaint, are futile. Therefore, Farella shall be permitted to amend his Complaint to assert same.

### III.    Conclusion

For the reasons stated above, the Court recommends that Farella's motion seeking leave to file an Amended Complaint be granted in part and denied in part. Specifically, the Court recommends that Farella's motion to amend be granted to the extent Farella seeks to (1) streamline the factual allegations contained in the original Complaint; (2) add claims against Defendants based on their alleged violations of the IAPP (said claims include those outlined in the First, Second and Fourth Counts of the proposed Amended Complaint); and (3) add a retaliation claim against Harris and Cop. The Court recommends that Farella's Motion to Amend, however, be denied to the extent it seeks to add claims against Defendants based on their alleged violations of N.J.S.A. 40A:14-147.

Moreover, since the Court has concluded that N.J.S.A. 40A:14-147 does not apply to members or officers of a police department of an institution of higher education, the Court

recommends that Defendants' Cross-Motion to Dismiss Counts One and Two of the original Complaint, which allege violations of N.J.S.A. 40A:14-147 (Compl., First Count) as well as violations of due process rights by impermissibly interfering with a property interest created by N.J.S.A. 40A:14-147 (Compl., Second Count), be granted because these Counts fail to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6).

IT IS therefore on this 8th day of June, 2010,

RECOMMENDED that Farella's Motion to Amend [Docket Entry No. 10] be GRANTED in part and DENIED in part; and it is further

RECOMMENDED that Defendants' Motion to Dismiss [Docket Entry No. 18] be GRANTED; and it is further

ORDERED that pursuant to L.CIV. R. 72.1(c)(2) and FED.R.CIV.P. 72(b), within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    Respectfully submitted,

    s/Tonianne J. Bongiovanni
    **HONORABLE TONIANNE J. BONGIOVANNI**
    **UNITED STATES MAGISTRATE JUDGE**